UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE-ANNE DENTICI,
an individual,

    Plaintiff,

CASE NO:

vs.

GOLDWYNN FESTIVAL CENTER LLC and
FESTIVAL CENTER BIRMINGHAM, LP,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Julie-Anne Dentici ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Goldwynn Festival Center, LLC and Festival Center Birmingham, LP., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, Julie-Anne Dentici (hereinafter referred to as "Dentici") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Dentici suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy, requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Dentici visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Dentici continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Goldwynn Festival Center, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief Goldwynn Festival Center, LLC (hereinafter referred to as "GFC or Defendant") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the Crestwood Festival Shopping Center located at 7001 Crestwood Boulevard, in

Birmingham, Alabama (hereinafter referred to as the "Shopping Center").

5. The Defendant, Festival Center of Birmingham, LP is a limited partnership registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief Festival Center of Birmingham, LP (hereinafter referred to as "FCOB or Defendant") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the Crestwood Festival Shopping Center located at 7001 Crestwood Boulevard, in Birmingham, Alabama (hereinafter referred to as the "Shopping Center").

6. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned by Defendants is a place of public accommodation in that it is a Shopping Center operated by a private entity that provides goods and services to the

public.

9. Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 12, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center in violation of the ADA. Dentici has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

 (i) There are insufficient number of accessible parking provided to serve the size of the parking lot and need for disbursement of accessible spaces to serve all tenants spaces in light of topography and lack of accessible routes due to stairs;

 (ii) Some accessible parking spaces have signs too low to be viewed over parked vehicles;

 (iii) Some parking spaces designated as accessible lack adjacent access aisles;

 (iv) There is no accessible route that links all tenant spaces on the site to the extent that many tenant spaces are accessible only via stairs and/or the vehicular way, and ramps are not provided between tenant spaces connected only via stairs;

 (v) Some tenant spaces, for example Los Arcos, lack accessible parking nearby and require wheelchair users to travel along the

      vehicular way to access tenant spaces from accessible parking spaces;

**Los Arcos**

(vi)    The entry door is obstructed by vending machines that reduce the clear width of the doorway to less than 30 inches such that a wheelchair user cannot enter without assistance of an employee who can unlock the adjacent leaf of the double doors that generally remains locked;

(vii)   There are doors in series that are too close together, in part due to the vending machines in the entry vestibule that reduces the clear floor space necessary for a wheelchair user to enter independently and pass through either exterior entry door, or the interior vestibule door leading to the interior of the restaurant proper;

(viii)  The check-out counter is too high for a wheelchair user;

(ix)    The toilet room vestibule entry door and men's toilet room entry door are equipped with knob hardware that requires tight grasping, pinching and twisting of the wrist to operate;

  (x)  The flush valve on the water closets in the accessible toilet stalls in both the men's and women's toilet rooms face the narrow side of the stalls and are out reach of wheelchair users.

  (xi)  The toilet paper dispensers are located too far from the accessible water closets, such that the toilet paper is out of reach of a wheelchair user upon transferring to the water closet in both the men's and women's toilet rooms;

  (xii)  The lavatories in the women's toilet room provide insufficient knee clearance for a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make its Shopping Center, a place of public

accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

> A.  That the Court declare that the property owned and administered by Defendant is violative of the ADA;
>
> B.  That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;
>
> C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;
>
> D.  That the Court award reasonable attorney's fees, costs

        (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of July 2017.

        Respectfully submitted,

    By:   /s/ Edward I. Zwilling
        Edward I. Zwilling, Esq.
        Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:  (205) 822-2701
Facsimile:   (205) 822-2702
Email: ezwilling@szalaw.com